UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **L M P PROPERTIES L L C ET AL** | **CASE NO. 2:22-CV-06215** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CERTAIN UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion to Compel Arbitration and Motion to Stay [doc. 10] filed by defendants, who are several entities subscribing to the insurance policy at issue in this Hurricane Laura case. Plaintiffs oppose the motion. Doc. 14.

**I.**
**BACKGROUND**

The suit arises from damage to plaintiffs' properties in Hurricane Laura and Hurricane Delta. At all relevant times the properties were insured under a surplus lines policy issued by defendants, who include both domestic and foreign insurers. The policy contains an arbitration clause, providing that all matters in dispute "shall be referred to an Arbitration Tribunal in the manner hereinafter set out." Doc. 10, att. 3, pp. 42–43. Defendants have moved to compel arbitration pursuant to that clause and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Doc. 10. In response, plaintiffs have dismissed their claims against the foreign insurers with prejudice and thus maintain that, in the absence of the Convention's application, the motion

is controlled by the Federal Arbitration Act and reverse-preempted by Louisiana Revised Statutes 22:868.[1] Docs. 14, 15.

## II.
## LAW & APPLICATION

Louisiana Revised Statutes 22:868 provides:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
> (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.
> B. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party claim, as defined in R.S. 22:1692, and arises under any insurance classified and defined in R.S. 22:47(6), (10), (11), (12), (13), (15), and (19) or to a period of less than one year from the time when the cause of action accrues

---

[1] As the undersigned laid out recently:
> Louisiana law prohibits arbitration agreements in insurance policies covering property within the state. La. R.S. § 22:868(A)(2). Under the McCarran-Ferguson Act, state laws regulating insurance are shielded from the preemptive effect of federal law. 15 U.S.C. §§ 1011, 1012. Accordingly, McCarran-Ferguson allows state laws like Louisiana Revised Statute section 22:868(A)(2) to "reverse-preempt" the Federal Arbitration Act's provisions on the enforceability of insurance agreements. *See, e.g., Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490 (5th Cir. 2006). However, this "reverse preemption" applies only to "Acts of Congress" and not to treaties. *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 723 (5th Cir. 2009). The Convention . . . is one such treaty and requires signatory nations to "'recognize an agreement in writing under which the parties undertake to submit to arbitration' their dispute 'concerning a subject matter capable of settlement by arbitration.'" *Id.* at 719 (quoting Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. II(1), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3). State insurance law thus has no impact on arbitration agreements arising under the Convention. *Id.* at 723–24; *see also McDonnel Group, LLC v. Great Lakes Ins. Branch SE, UK Branch*, 923 F.3d 427 (5th Cir. 2019).

*Bufkin Enterps. LLC v. Indian Harbor Ins. Co.*, 2023 WL 2393700, at *3 (W.D. La. Mar. 7, 2023), *appeal docketed*, No. 23-30171 (5th Cir. 2023).

> in connection with all other insurances unless otherwise specifically provided in this Code.
> C. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.
> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

*Id.* Subsection (A)(2) clearly bans arbitration clauses in insurance policies "delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state[.]" Subsection (D) was added by amendments in 2020 to address surplus lines policies like the one at issue, and defendants rely on that provision to assert that there is no reverse-preemption in this matter. In *Bufkin*, supra note 1, however, the undersigned observed that Subsection (D)'s language, speaking of a "forum or venue selection clause," does not mirror Subsection (A)(2)'s reference to clauses "[d]epriving the courts of this state of **jurisdiction** or venue of the action against the insurer[.]" 2023 WL 2393700 at *6–*8 (emphasis added). The court thus made an *Erie* guess as to whether the former also applied to arbitration clauses and concluded that it did not, based on canons of statutory interpretation and the concurrence of Justice Weimer in *Creekstone Juban I, LLC v. XL Insurance America, Inc.*, 282 So.3d 1042 (La. 2019), emphasizing that forum selection clauses did not deprive a court of jurisdiction but that arbitration clauses did. *Id.*

The same issue is before the court now. Despite defendants' arguments to the contrary, the court finds no basis to alter its conclusion. Defendants, however, raise additional grounds for enforcing the clause, namely that plaintiffs should be precluded from dismissing their claims against the foreign insurers (and thus evading the Convention's

applicability) because they have alleged/judicially admitted interdependent and concerted conduct by the insurers. They point to the Fifth Circuit's holding in *Grigson v. Creative Artists Agency, LLC*, that a party may not avoid arbitration "when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." 210 F.3d 524, 527 (5th Cir. 2000).

*Grigson* is inapplicable here—the remaining insurers are not being barred from invoking the arbitration clause. Instead, they have lost the protections of the Convention and must instead rely on the FAA because they are domestic, rather than foreign, insurers. Additionally, the policy provides that it must be "constructed as a separate contract between the Insured and each of the Insurers" and reiterates that the insurers are severally liable. Doc. 10, att. 3, pp. 66–68. The subscribers cannot have it both ways.

### III.
#### CONCLUSION

For the foregoing reasons, the court hereby **ORDERS, ADJUDGES,** and **DECREES** that the Motion to Compel Arbitration and Motion to Stay [doc. 10] be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 7th day of November, 2023.

*[Signature]*
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**