UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **L M P PROPERTIES L L C ET AL** | **CASE NO. 2:22-CV-06215** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CERTAIN UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Reopen/Reinstate Case [doc. 28] filed by plaintiffs, asking the court to reconsider and set aside its prior order compelling arbitration. Defendants oppose the motion. Doc. 31.

### I.
#### BACKGROUND

The suit arises from damage to plaintiffs' properties in Hurricane Laura and Hurricane Delta. At all relevant times the properties were insured under a surplus lines policy issued by defendants, who include both domestic and foreign insurers. The policy contains an arbitration clause, providing that all matters in dispute "shall be referred to an Arbitration Tribunal in the manner hereinafter set out." Doc. 10, att. 3, pp. 42–43. Defendants have moved to compel arbitration pursuant to that clause and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Doc. 10. In response, plaintiffs dismissed their claims against the foreign insurers with prejudice and thus maintained that, in the absence of the Convention's application, the motion is

controlled by the Federal Arbitration Act and reverse-preempted by Louisiana Revised Statutes 22:868. Docs. 14, 15.

The undersigned agreed and denied the motion to compel. Doc. 21. Defendants appealed and the Fifth Circuit reversed that ruling, finding that the Convention still applied because plaintiffs alleged "substantially interdependent and concerted conduct by the domestic and foreign insurers." Doc. 26 (quoting *Bufkin Enters., LLC v. Indian Harbor Ins. Co.*, 96 F.4th 726, 731–33 (5th Cir. 2024)). Accordingly, the panel remanded the matter to this court with instruction that the motion to compel be granted. *Id.* The undersigned complied via Memorandum Order entered on July 12, 2024, and the matter was administratively closed. Doc. 27.

Nearly a year later, plaintiffs moved to reopen/reinstate the case and requested that the court reconsider the order compelling arbitration. Doc. 28. To this end, they note intervening decisions clarifying Louisiana law. Namely, the Louisiana Supreme Court confirmed in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, 395 So.3d 717 (La. 2024), that (1) La. R.S. § 22:868(D) does not repeal Subsection A's prohibition against arbitration clauses in insurance policies and (2) under state law, a domestic insurer may not use equitable estoppel to enforce an arbitration clause through the Convention. Defendants oppose the motion, arguing that (1) the motion is untimely; (2) the mandate rule prohibits reconsideration of the Fifth Circuit's ruling by this court; and (3) the Convention requires application of federal common law to determine equitable estoppel. Doc. 31.

## II.
## LAW & APPLICATION

Plaintiffs move for reconsideration under Federal Rule of Civil Procedure 54(b). Federal Rule of Civil Procedure 54(b) governs reconsideration of interlocutory orders, like the rulings at issue, and leaves "the trial court [] free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The approach under this rule to consideration of new arguments is more flexible than the one applied to reconsideration of final judgments, "reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)) (internal quotations omitted).

Defendants first assert that the motion is untimely, noting that it came eight months after the Louisiana Supreme Court issued its ruling in *Calcasieu Parish*, supra. But as plaintiffs note, unlike Rules 59 and 60, Rule 54 sets forth no time limitation for seeking reconsideration as long as the judgment is still interlocutory. *Mitchell v. Amica Mut. Ins. Co.*, 2015 WL 9488457, at *4 & n. 55 (E.D. La. Dec. 30, 2015); *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 394 (E.D. La. 2016). The ruling is still interlocutory. Additionally, in the intervening months, numerous district courts and now, infra, the Fifth Circuit have had the opportunity to weigh in on the Louisiana Supreme Court's interpretation. Accordingly, plaintiffs' delay in bringing the motion does not serve as a barrier.

Defendants next argue that the mandate rule prevents reconsideration. "The 'mandate rule' is a 'specific application of the general doctrine of the law of the case.'" *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 184 (5th Cir. 2012) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). One such exception exists when "there has been an intervening change of law by a controlling authority[.]" *Demahy*, 702 F.3d at 185.

In *Town of Vinton v. Indian Harbor Ins. Co.*, 161 F.4th 282 (5th Cir. 2025), the Fifth Circuit considered several consolidated appeals from cases in which the court had denied motions to compel arbitration after the dismissal of the foreign insurers, based on reverse-preemption under La. R.S. § 22:868. The panel noted that the cases mirror *Bufkin*, supra, but the Louisiana Supreme Court's opinion in *Calcasieu Parish* clarified that "*Bufkin*'s 'conclusion [is] flawed and not supported by Louisiana law.'" *Town of Vinton*, 161 F.4th at 288 (quoting *Calcasieu Parish*, 395 So.3d at 729)) (alteration in original). As explained in *Calcasieu Parish*, La. R.S. § 22:868 "prohibits the use of arbitration clauses in Louisiana-issued insurance policies" and "because equitable estoppel cannot contravene Louisiana positive law, [the statute] precludes the use of estoppel to compel arbitration here." *Id.* (internal quotations omitted).

*Town of Vinton* represents an intervening change of controlling law, namely the Fifth Circuit's recognition that (1) *Bufkin*, on which the panel decision in this matter was based,

rested on a flawed interpretation of Louisiana law and (2) contrary to defendants' arguments, state law applies to bar equitable estoppel. Because this court's prior ruling was interlocutory, the change in controlling authority provides ample justification for the undersigned to reconsider his prior ruling. And because controlling authority now compels a different result from the prior mandate, the court finds no basis to tie the parties to arbitration.

### III.
#### CONCLUSION

For the foregoing reasons, the court hereby **ORDERS** that the Motion to Reopen/Reinstate Case be **GRANTED**, that this matter be **REOPENED**, that the court's prior Memorandum Order [doc. 27] granting the Motion to Compel Arbitration and Motion to Stay [doc. 10] be **SET ASIDE**, and that the Motion to Compel Arbitration and Motion to Stay [*id.*] instead be **DENIED** for the reasons set forth above. Because of the age of this case and the amount of time spent in arbitration, the court will not require the parties to proceed under the Case Management Order. Instead, the matter is hereby **REFERRED** to the magistrate judge for a scheduling conference and selection of a trial date.

**THUS DONE AND SIGNED** in Chambers on the 20th day of January, 2026.

JAMES D. CAIN, JR.<br>
<b>UNITED STATES DISTRICT JUDGE</b>